**In the Matter of Mark Eugene SMALL, Respondent.**

No. 49S00–0405–DI–221.

Supreme Court of Indiana.

Nov. 23, 2004.

Kevin P. McGoff, Indianapolis, IN, Attorney for Respondent.

Donald R. Lundberg, Executive Secretary, Dennis K. McKinney, Staff Attorney, Indianapolis, IN, Attorney for the Indiana Supreme Court Disciplinary Commission.

Disciplinary Action

PER CURIAM.

We find today that Respondent Mark Eugene Small's mismanagement of his attorney trust account warrants his suspension from the practice of law in this state for six months. We will stay the period of suspension subject to conditions designed to ensure his compliance with basic provisions governing management of such accounts.

This attorney disciplinary action began on May 24, 2004, when the Disciplinary Commission filed a verified complaint for disciplinary action against the respondent, alleging several acts of attorney misconduct involving his attorney trust account. In resolution of the complaint, the Commission and the respondent have submitted for this Court's approval a *Statement of Circumstances and Conditional Agreement for Discipline* pursuant to Ind.Admission and Discipline Rule 23(11). In that agreement, the respondent admits to misconduct and agrees with the Commission that a 6–month stayed suspension is an appropriate sanction for his misconduct. We today approve this agreement and herein recount the facts and circumstances of this case. The respondent's admission to this state's bar in 1989 confers jurisdiction in this matter.

The parties stipulate that the respondent opened a trust account on January 25, 2000. The next day, the respondent deposited $650 into the account on behalf of a certain client. Thereafter, through a series of disbursements made on the client's behalf, the respondent by April 13, 2000 [1]

---

1. The conditional agreement refers to April 13, 2002, but the sequence of events indicates the proper year is 2000.

had reduced the funds he held on the client's behalf to $30. On May 30, 2000, he drew a check for $500 on the account, payable to himself, for attorney's fees for legal work he provided to the client, despite the fact that the account by that time held only $30 in trust for the client. Similarly, on August 1, 2000, the respondent disbursed $2000 from the account on the client's behalf, despite having exhausted the client funds he held in trust. On August 11, 2000, he deposited $500 into his trust account to "partially replace" funds of other clients or third parties that he had wrongly disbursed when he disbursed more money on behalf of the client than he held in trust for the client.

Similarly, in February 2000 the respondent was obligated to hold $584.50 in trust for a third party creditor after settling a lawsuit on another client's behalf. On February 24, 2000, he wrote a check for $584.50 to the third party creditor. The creditor did not present the check for payment until October 10, 2000, at which time the account held insufficient funds to satisfy the obligation and which resulted in the bank notifying the Commission of an overdraft of the respondent's trust account, pursuant to Admis.Disc.R. 23(29).[2] In fact, the account's balance had fallen below sufficient levels on several occasions between February 24 and October 10, 2000. The Commission's investigation of the re-

spondent's trust account overdraft revealed that the respondent had failed properly to distinguish between trust and non-trust funds, that he failed to account separately for funds he held in trust for each client or entity, that he failed adequately to account for his own funds that he allowed to accumulate in the account, and that he failed adequately to reconcile his own trust account records with monthly trust account bank statements.

The respondent mismanaged his trust account in other ways as well. In September 2000, the respondent disbursed $100 from the trust account, with a check payable to himself, to pay a filing fee for a client for whom the respondent held no funds in trust. Although the respondent intended that the disbursement come from his personal funds, the account did not contain sufficient personal funds for that purpose. Accordingly, the disbursement invaded money the respondent was holding in trust for other clients and third parties. On other occasions, bank service charges invaded client and third party funds held in the account. The parties' agreement recites that, although the respondent "inadvertently" held some of his personal funds in the account, he did not do so with the intent of maintaining an identified pool of his own funds to maintain a nominal balance, as permitted by Prof.Cond.R. 1.15(a).[3]

**2.** Admission and Discipline Rule 23(29)(b) provides:

(b) Overdraft Notification Agreement Required. A financial institution shall be approved as a depository for trust accounts if it files with the Commission an agreement, in a form provided by the Commission, to report to the Commission whenever any properly payable instrument is presented against a trust account containing insufficient funds, irrespective of whether or not the instrument is honored. The Commission shall establish rules governing approval and termination of approved status for financial institutions, and

shall annually publish a list of approved financial institutions. No trust account shall be maintained in any financial institution that does not agree so to report. Any such agreement shall apply to all branches of the financial institution and shall not be canceled except upon thirty (30) days' notice in writing to the Commission.

**3.** In this respect, Indiana Professional Conduct Rule 1.15(a) provides that "a lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the law-

We find that the respondent violated Prof.Cond.R. 1.15(a) by failing to hold in his attorney trust account all of the client and third party funds he was obligated to hold in trust and by failing to keep adequate records of his attorney trust account.[4] We find further that he failed to abide by Admis.Disc.R. 23(29)(a)(2) and (3) by his failure to maintain adequate trust account records.[5]

The respondent and the Commission today ask us to approve his six-month suspension from the practice of law, stayed to a two-year period of probation subject to specific conditions designed to assure the respondent's compliance with required attorney trust account management provisions. Relevant to the determination of the adequacy of this sanction are factors in mitigation. Accordingly, the parties cite the respondent's previously unblemished attorney disciplinary record and the fact that he cooperated with the Commission during its investigation and prosecution of this matter. The parties' stipulations indicate that the respondent's funds mismanagement was the product of neglect, oversight, and ignorance of governing strictures and not a calculated plan to convert client and third party funds. With this in mind, are satisfied that the agreed sanction, with its probationary conditions designed to educate the respondent and protect his clients, is adequate in this case.

It is, therefore, ordered that the respondent, Mark Eugene Small, is hereby suspended from the practice of law for a period of six (6) months, with the entire six months to be stayed, and the respondent placed on probation for two years, subject to the following terms and conditions of probation:

- The respondent's term of probation will begin on the date this Court ac-

---

yer's own property," and that "[a] lawyer may deposit his or her own funds reasonably sufficient to maintain a nominal balance."

4. Indiana Professional Conduct Rule 1.15(a) provides, in full:
A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated, or elsewhere with the consent of the client or third person. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation. A lawyer may deposit his or her own funds reasonably sufficient to maintain a nominal balance.

5. Those provisions provide:
Maintenance Of Trust Funds In Approved Financial Institutions; Overdraft Notification
(a) Clearly Identified Trust Accounts In Approved Financial Institutions And Related Recordkeeping Requirements.

(1) Attorneys shall deposit all funds held in trust in accounts clearly identified as "trust" or "escrow" accounts, referred to herein as "trust accounts" and shall inform the depository institution of the purpose and identity of the accounts. Funds held in trust include funds held in any fiduciary capacity in connection with a representation, whether as trustee, agent, guardian, executor or otherwise. Attorney trust accounts shall be maintained only in financial institutions approved by the Commission.
(2) Every attorney shall maintain and preserve for a period of at least five (5) years, after final disposition of the underlying matter, the records of trust accounts, including checkbooks, canceled checks, check stubs, written withdrawal authorizations, vouchers, ledgers, journals, closing statements, accounting or other statements of disbursements rendered to clients or other parties with regard to trust funds or similar equivalent records clearly and expressly reflecting the date, amount, source, and explanation for all receipts, withdrawals, deliveries and disbursements of the funds or other property held in trust.

cepts the terms of this agreement and his probation will run for two years thereafter.

- Within six (6) months of the beginning of his probation term, the respondent will attend an ethics seminar with a trust account management section of at least one hour in length.
- The respondent will have his trust account monitored by a CPA to criteria acceptable to the Disciplinary Commission, who will then report quarterly to the Commission on the respondent's compliance with the Rules of Professional Conduct and the Admission and Discipline Rules for lawyer trust accounts.
- The respondent will comply in all respects with his obligations, duties, and responsibilities under the Indiana Rules of Professional Conduct for Attorneys at Law.
- The respondent will report to the Disciplinary Commission any changes in his business or home address or employment with fourteen (14) days of the change.
- The respondent will be responsible for any other costs arising from his probation.
- In the event it is established pursuant to Admis.Disc.R. 23(17.2) that the respondent has violated the terms of his probation, then the stay of his six-month suspension shall be vacated, and the respondent will be suspended from the practice of law in Indiana for six months, with automatic reinstatement to the practice of law in Indiana thereafter.
- The respondent will immediately report to the Disciplinary Commission any failure by him to comply with the terms of his probation. Such report is to be made in writing within 14 days of the compliance failure and must specif-

ically identify the type and circumstance of his failure to comply with the terms of his probation.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d), to the hearing officer, and to the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerks of the United States Bankruptcy Courts in this state.

Costs of this proceeding are assessed against the respondent.